Oscar Calderon **GARAY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–83–214–CR.

Court of Appeals of Texas, Waco.

Aug. 16, 1984.

Discretionary Review Refused April 24, 1985.

James E. Shugart, San Antonio, for appellant.

Sam D. Millsap, Jr., Criminal Dist. Atty., San Antonio, for appellee.

OPINION

THOMAS, Justice.

This appeal of Appellant's four-year prison sentence for attempted burglary of a building involves art. 32.01, Tex.Code Crim. Proc.Ann.[1]

---

**1.** Art. 32.01 reads: When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless

The facts governing this appeal are undisputed. Appellant was arrested for attempted burglary on August 31, 1982, and remained in jail under a $10,000.00 bond during the proceedings below. Because no indictment was returned against him during the subsequent term of court, which began on September 6th and concluded on October 31st, Appellant filed an application for writ of habeas corpus and motion to dismiss on November 10th, seeking a dismissal of the prosecution and a discharge from custody and bail under art. 32.01. On November 17th, the grand jury indicted Appellant for attempted burglary of a building, and he was served on the same day with a copy of the indictment and a capias committing him to custody. Although filed on November 10th, Appellant's application for writ of habeas corpus and motion to dismiss were not heard until November 18th, at which time they were denied. Appellant later pled guilty to the indictment and was sentenced to four years in prison; however, the court allowed him to appeal the denial of his application for writ of habeas corpus and motion to dismiss.

Appellant's sole ground of error contends the court erred when it refused to dismiss the prosecution and discharge him from custody and bail under art. 32.01. This ground is overruled. We have reviewed Appellant's *pro se* brief, which is virtually identical in substance to that of his attorney. The ground in the *pro se* brief is also overruled. When the court heard the application for writ of habeas corpus and motion to dismiss on November 18th, Appellant had already been indicted and was in jail under a capias issued with the indictment. Once an indictment is returned, art. 32.01 is not applicable and cannot be used to quash the indictment. *Tatum v. State*, 505 S.W.2d 548 (Tex.Cr.App. 1974); *Ex parte Johnson*, 142 Tex.Cr.R. 483, 154 S.W.2d 854 (1941). Appellant points, however, to dicta in *Tatum v. State*, *supra*, and *Payne v. State*, 109 Tex.Cr.R.

287, 4 S.W.2d 53 (1928), which indicate art. 32.01 would control where a defendant "seeks" discharge prior to indictment. Because he filed his application and motion on November 10th, Appellant argues art. 32.-01 required the court to dismiss the indictment and discharge him from custody and bail. He asserts that, unless art. 32.01 is made applicable to the facts of this case, a court could conspire with the State to delay a hearing until an indictment is returned and, thus, defeat the purpose of the statute.

If the dicta in *Tatum* and *Payne* were literally applied in this case, the court would have been required to perform a vain act. The court would have discharged Appellant from custody and bail under his original arrest warrant and then, contemporaneously, ordered Appellant re-committed to custody and bail under the capias issued on the indictment. Appellant cannot demonstrate harm from the court's denial of his requested relief. If Appellant had not been indicted until November 19th, the day following the hearing, art. 32.01 would have secured his release from custody and bail. We hold that, once the indictment had been returned, art. 32.01 could not be used to quash the indictment. *Tatum v. State, supra.* Appellant was not entitled to be discharged from custody and bail under art. 32.01, even though he had "sought" dismissal and discharge prior to indictment.

Affirmed.

---

otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.