Jarrod Frenzel v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-223-CR

     JARROD FRENZEL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 278th District Court
Madison County, Texas
Trial Court # 8372
                                                                                                                 
      
O P I N I O N
                                                                                                                 

      This is an appeal from the trial court’s denial of a writ of habeas corpus. The appellant, Jarrod
Frenzel, complains the trial court erred when it failed to dismiss the indictment against him because
the indictment was not returned by the end of the next term of court following his arrest and
admission to bail as required by statute. We affirm.
Background
      The facts in this case are undisputed. Frenzel was arrested on September 16, 1994, and
charged with the offense of deadly conduct. See Tex. Pen. Code Ann. § 22.05 (Vernon 1994). 
Frenzel posted bond on September 18, 1994, and was released from custody. A Madison County
Grand Jury indicted Frenzel for the charged offense on September 15, 1995. On June 13, 1997,
claiming the indictment was not timely presented, Frenzel filed a petition for writ of habeas corpus
with the trial court seeking to have the indictment dismissed with prejudice as mandated by the
Code of Criminal Procedure. The trial court granted Frenzel’s petition and held an evidentiary
hearing. At the hearing, the State conceded that it was 77 days too late indicting Frenzel; however,
the State argued its tardiness was excused because good cause existed as to why Frenzel was not
timely indicted. The trial court agreed with the State, finding that the State had demonstrated good
cause for not indicting Frenzel by the end of the term of court following his arrest and admission
to bail. Accordingly, the trial court denied the requested relief. 
Issues Presented for Review
      Frenzel’s sole complaint on appeal is that the trial court erred in denying the writ and failing
to dismiss the prosecution with prejudice. He relies on articles 32.01 and 28.061 of the Code of
Criminal Procedure. At the time of Frenzel’s arrest, article 32.01 provided:
When a defendant has been detained in custody or held to bail for his appearance to
answer any criminal accusation before the district court, the prosecution, unless otherwise
ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and
the bail discharged, if indictment or information be not presented against such defendant
at the next term of the court which is held after his commitment or admission to bail.
 
Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441.


 
Article 28.061 read:
If a motion to set aside an indictment, information, or complaint for failure to provide a
speedy trial is sustained, the court shall discharge the defendant. A discharge under this
article or Article 32.01 of this code is a bar to any further prosecution for the offense
discharged and for any other offense arising out of the same transaction. . . .
 
Act of May 22, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws, 1885.



      Frenzel claims that, because the State failed to indict him within the next term of court
following his arrest, the trial court was required by article 32.01 and article 28.061 to dismiss the
prosecution against him with prejudice. The State argues, although it is undisputed that Frenzel’s
indictment was too late, that the State has met its burden of showing that good cause existed. 
Alternatively, the State argues articles 32.01 and 28.061, prior to being amended in 1997, are
unconstitutional because they violate the separation of powers doctrine.
Good Cause
      At the habeas corpus hearing, the Madison County District Attorney testified that, when he
took office in January 1997, there were no records kept on the status of pending cases. 
Specifically, Frenzel’s file contained all the requisite reports from the sheriff’s office but no date
as to when the case had been actually forwarded to the District Attorney’s Office. He further stated
that between the time Frenzel was arrested, in September 1994, and July 1995, the district attorney
in office at that time was burdened with a lengthy capital murder trial, did not consistently call
sessions of the Madison County Grand Jury, and was suffering from “severe personal problems”
which culminated in his resignation on July 1, 1995. The Madison County District Clerk also
testified at the hearing. According to the district clerk, the 278th District Court of Madison County
has two terms of court each year—one beginning the first Monday in January and one beginning
the first Monday in July.


 In regard to the two terms of court during which Frenzel could have
been timely indicted, the district clerk stated that the grand jury met twice during the July 1994
term, one of such times on November 17, which was after Frenzel was arrested. Thirty
indictments were returned at the November session. During the January 1995 term, the grand jury
met only once, returning ten indictments. At the hearing’s conclusion, the trial court found that
good cause did exist for the State’s untimely indictment of Frenzel and that no dismissal was
required.



      Exactly what constitutes good cause for purposes of article 32.01 remains a puzzle. See Ex
parte Barnes, 959 S.W.2d 313, 315-16 (Tex. App.—Fort Worth 1997, pet. granted); Condran v.
State, 951 S.W.2d 178, 182 (Tex. App.—Dallas 1997, pet. granted). Several courts have held that
the good cause exception is analogous to an exceptional circumstance which excuses a violation of
the Texas Speedy Trial Act.


 See Ex parte Barnes, No. 02-96-321-CR, slip op. at 7-8; Condran,
951 S.W.2d at 182-83. However, at least one court has expressly rejected such position, stating,
“It would be improper to read the requirements of the unconstitutional Speedy Trial Act into article
32.01.” Ex parte Mallares, 953 S.W.2d 759, 764 (Tex. App.—Austin 1997, no pet.). In Ex parte
Mallares, the Austin Court held that the untimeliness of an indictment could be excused and good
cause found due solely to prosecutorial delay. Id. We disagree with this broad interpretation. 
Under such reading of article 32.01, any delay, perhaps even intentional delay on the prosecution’s
part, would satisfy the good cause requirement and excuse a late indictment. The better approach
in determining if the State has presented good cause is to look to cases involving alleged violations
of the Speedy Trial Act for guidance. See Ex parte Barnes, No. 02-96-321-CR, slip op. at 7-8;
Condran, 951 S.W.2d at 182-83; cf. Norton v. State, 918 S.W.2d 25, 29 (Tex. App.—Houston
[14th Dist.] 1996, pet. dism’d) (applying factors which are taken into consideration to determine
if an accused’s federal constitutional right to a speedy trial has been violated).
      Following this approach provides us with parameters for determining if good cause exists, a
necessary requirement in light of the Court of Criminal Appeals recent mandate that we review de
novo trial court rulings which are mixed questions of law and fact and which do not require an
evaluation of credibility and demeanor. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997); Ex parte Barnes, No. 02-96-321-CR, slip op. at 6-7. Because the facts set out by the
State in its attempt to establish good cause are not in dispute and because our determination of
whether those facts establish good cause within the meaning of article 32.01 requires us to apply
the law to those facts, we will review the trial court’s ruling de novo. See id.
      In the context of a defendant’s right to a speedy trial, the Court of Criminal Appeals has held
that mere negligence in performing prosecutorial duties does not excuse a violation of an accused’s
right to a speedy trial. See Meshell v. State, 739 S.W.2d 246, 251 (Tex. Crim. App. 1987). 
Furthermore, relying on cases involving alleged violations of the Speedy Trial Act, the Dallas
Court of Appeals has held that lack of diligence in submitting evidence, which was to be presented
to the grand jury, for forensic examination was not good cause to excuse an untimely indictment. 
Condran, 951 S.W.2d at 183-84. At the writ hearing, the reason presented by the State for not
timely indicting Frenzel was that the former district attorney had mishandled his prosecutorial
duties. We cannot condone lack of diligence on the part of the State’s attorney in properly carrying
out his prosecutorial duties; consequently, we hold that such is not good cause to excuse a late
indictment even when the actions of the State’s attorney are the result of negligence. Reviewing
the evidence presented at the hearing de novo, we conclude the State failed to present sufficient
good cause to excuse Frenzel’s not being indicted by the next term of court after his arrest.
Constitutional Issues
      Because the State did not establish good cause, it is barred from prosecuting Frenzel unless
either article 32.01 or article 28.061 is unconstitutional. This bar to prosecution creates a present
injury to the State; consequently, we will consider the State’s contention that these articles are
unconstitutional. See Meshell, 739 S.W.2d at 251. The State argues that articles 32.01 and 28.061
infringe on an exclusive prosecutorial function in violation of the separation of powers doctrine of
the Texas Constitution.


 The constitutionality of these two articles has been the topic of much
discussion. Ex parte Barnes, No. 02-96-321-CR, slip op. at 9-18; Ex parte Mallares, 953 S.W.2d
at 762-63; Condran, 951 S.W.2d at 184-91; Norton, 918 S.W.2d at 28-29; Nix v. State, 882
S.W.2d 474, 476 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); Nguyen v. State, 882 S.W.2d
471, 473 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); see generally, Elizabeth Klaas,
Dismissal for Pre-Indictment Delay Under Articles 32.01 and 28.061 of the Texas Code of Criminal
Procedure, 23 Am. J. Crim. L. 353, 366-73 (1996). In fact, the problems which have resulted
from the implementation of these statutes culminated in the 75th Legislature’s amending both of
them. See Act of May 6, 1997, 75th Leg., R.S., ch. 289, §§ 1-2, 1997 Tex. Gen. Laws 1304. 
However, despite the 1997 amendments, we must determine the constitutionality of these statutes
as they existed at the time of Frenzel’s arrest.
Constitutionality of Article 32.01
      We agree with the holdings of Norton, Condran, and Ex parte Barnes that article 32.01,
standing alone, does not impermissibly infringe on the exclusive prosecutorial discretion of the
State’s attorney in preparing a case against an accused and therefore does not violate the separation
of powers doctrine.


 Ex parte Barnes, No. 02-96-321-CR, slip op. at 16; Condran, 951 S.W.2d
at 190; Norton, 918 S.W.2d at 29. By itself, article 32.01 is merely a legislative mechanism used
to enforce an accused’s constitutional right to indictment by a grand jury. Tex. Const. art. I, §
10; Norton, 918 S.W.2d at 30 (Hudson, J., concurring). The only consequence of violating article
32.01 is a dismissal of the prosecution against an accused and the discharge of the accused from
bail; the accused can then be re-indicted at a later time. Because implementation of article 32.01
does not significantly affect the prosecutor’s preparation of a case, we hold that article 32.01 is not
unconstitutional. 
Constitutionality of Article 28.061
      The result of article 28.061's enforcement of article 32.01 is not as innocuous. If the State
cannot satisfy the good cause exception to article 32.01 for an untimely indictment, then the State
is barred from any further prosecution of that offense. This result is extreme and ultimately
deprives the State of its exclusive prosecutorial discretion in preparing a case for the grand jury. 
See Meshell, 739 S.W.2d at 257; Condran, 951 S.W.2d at 191. The legislative purpose behind
article 28.061 was “to force prosecutors to get their cases through the court system.” Condran,
951 S.W.2d at 191; see Klaas, 23 Am. J. Crim. L. at 360-61. The question then arises as to
whether the effect of article 28.061's application unduly encroaches upon what would otherwise
be within the sole province of the prosecution.



      The effect of article 32.01 is to release the accused from the punitive effects of incarceration
or bail. The accused’s constitutional right to be indicted by a grand jury is therefore protected;
barring any further prosecution of the accused is unnecessary. Condran, 951 S.W.2d at 190. The
Dallas Court is correct that “[a]rticle 28.061's bar shifts the focus from releasing the accused from
the punitive effects of incarceration or bail to the State’s ability to obtain an indictment within a
specific time period.” Id. Mandating that the State present a case to a grand jury within a certain
time period, whether the State’s attorney feels adequately prepared to do so or not, deprives the
prosecution of its exclusive discretion in preparing a case for the grand jury. Meshell, 739 S.W.2d
at 257. Furthermore, when the legislature amended article 28.061, it seems as if no consideration
was given to the wide discrepancies in terms of court across the state, the possibility that a grand
jury might request additional information, or the fact that the prosecution cannot guarantee that the
grand jury will act within the time limit mandated by article 32.01. Ex parte Barnes, No. 02-96-321-CR, slip op. at 17-18; see Condran, 951 S.W.2d at 190-91. Consequently, because of factors
beyond the State’s control, article 28.061 impermissibly intrudes upon the prosecution’s discretion. 
Such action is a violation of the separation of powers doctrine and is thereby unconstitutional.
      Because we find article 28.061 unconstitutional, we must decide whether the fact that the
Madison County Grand Jury returned an indictment against Frenzel prior to a ruling on Frenzel’s
writ of habeas corpus made Frenzel’s complaint of an untimely indictment in violation of article
32.01 moot.
Mootness of Article 32.01 Complaint
      Prior to the 1987 amendment of article 28.061, which made it applicable to article 32.01, a
dismissal for an untimely indictment pursuant to article 32.01 did not prevent further prosecution. 
Ex parte Barnes, No. 02-96-321-CR, slip op. at 18; Condran, 951 S.W.2d at 191; Ex parte Knight,
904 S.W.2d 722, 725 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d). The State could refile
the dismissed charges against the accused. Consequently, because a dismissal for an untimely
indictment was only temporary, the accused was required to voice an article 32.01 complaint prior
to being re-indicted, or such complaint became moot. See Tatum v. State, 505 S.W.2d 548, 550
(Tex. Crim. App. 1974); Garay v. State, 683 S.W.2d 21, 22 (Tex. App.—Waco 1984, pet. ref’d).
      Once article 28.061 was amended to apply to article 32.01, an accused was not required to
obtain a ruling on an article 32.01 complaint prior to being indicted. See Norton, 918 S.W.2d at
29; Ex parte Knight, 904 S.W.2d at 725; but see Ex parte Crowder, 959 S.W.2d 732, 733 (Tex.
App.—Austin Jan. 29, 1998, pet. filed.); Holleman v. State, 945 S.W.2d 232, 235 (Tex.
App.—Amarillo 1997, pet. filed). However, because we have held article 28.061 unconstitutional,
we rely on the cases that were decided before its amendment and hold that Frenzel’s failure to
obtain a ruling on his article 32.01 complaint prior to being indicted renders his complaint moot.
Conclusion
      Having reviewed the evidence presented at the writ hearing de novo, we hold that the State
failed to present good cause for not timely indicting Frenzel by the end of the next term of court
after his arrest. However, because we have decided that article 28.061 violates the separation of
powers doctrine by impermissibly infringing on prosecutorial discretion and is thereby
unconstitutional, Frenzel’s delay in raising his article 32.01 complaint until after an indictment was 
returned against him renders his complaint moot. We therefore sustain the trial court’s order
denying Frenzel’s application for a writ of habeas corpus.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice
 
Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed February 25, 1998
Publish