**Ex parte Carl Daniel NORTON.**

**No. 205–96.**

Court of Criminal Appeals of Texas,
En Banc.

May 13, 1998.

Stanley G. McGee, Angleton, for Appellant.

Jerome Aldrich, District Attorney, David Bosserman, Assistant District Attorney, Angleton, Matthew Paul, State's Attorney, Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Applicant filed an application for writ of habeas corpus alleging that he was entitled to discharge pursuant to Tex.Code Crim. Proc. Ann. art. 32.01 because he was indicted outside "the next term of court" as set out in art. 32.01. The trial judge denied relief and applicant appealed. The court of appeals reversed the trial court's denial of habeas relief. *Norton v. State*, 918 S.W.2d 25 (Tex. App.—Hous. [14th Dist.] 1996). We granted review to determine the correctness of that decision.

However, after carefully considering the two question for review and the briefs before us, we find that our decision to grant the State's petition for discretionary review was improvident. Accordingly, the petition for discretionary review is dismissed.

MANSFIELD, J., dissents.

McCORMICK, Presiding Judge, dissenting.

I dissent to dismissing the State's petition for discretionary review as improvidently granted. The issue presented before this Court is whether former Article 32.01 of the Code of Criminal Procedure, prior to its 1997 amendment, is unconstitutional.

A majority of this Court apparently believes this issue is no longer worth reviewing in light of the 1997 legislative amendments to Article 32.01 and Article 28.061 of the Texas Code of Criminal Procedure.[1] I disagree. If former Article 32.01 violates the separation of powers provision of Article II, Section 1 of the Texas Constitution, then current Article 32.01 suffers the same constitutional defect. It makes no difference whether the indictment is dismissed "with prejudice" under one provision or "without prejudice" under the other provision. And, I have some serious reservations about whether former and current Article 32.01 passes constitutional muster pursuant to this Court's decision in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App. 1987). I would address the merits of the issue presented in this case.

I dissent.

KELLER, Judge, dissenting.

A little history is in order. The State filed its petition for discretionary review in this case on February 5, 1996—well over two years ago. The case was held here for over fifteen months, until nine days after art. 28.061 of the Code of Criminal Procedure was amended. If the delay was occasioned by the intent to prevent the granting of the petition, the strategy did not succeed at that time—the petition was granted—but persistence seems to pay off. Today, a majority of the Court decides to dismiss the petition as improvidently granted. It is not appropriate to do so.

Prior to the statutory amendment, the dismissal of an indictment pursuant to art. 32.01 was with prejudice pursuant to art. 28.061. As of May 26, 1997, art. 28.061 is inapplicable to art. 32.01, so that the dismissal of an indictment under art. 32.01 is now without prejudice. Thus, it might seem that the Court would be wasting judicial resources by addressing a claim that will no longer arise.

---

1. Under current law, dismissal of an indictment under Article 32.01 is no longer "with prejudice." That is because in 1997 the Legislature amended former Article 28.061 so as to make it inapplicable to Article 32.01.

But prior art. 28.061 was in effect for ten years. A conviction obtained at any time during that ten years is, arguably, subject to challenge if the indictment was not timely presented under art. 32.01.

And, in fact, a number of cases with issues concerning the interplay of the two statutes are currently before the Court and continue to be presented in petitions. In *State v. Condran*, 951 S.W.2d 178 (Tex.App.—Dallas 1997, *pet. granted*), for instance, the Dallas Court of Appeals held that former art. 28.061 is unconstitutional, and further held that appellee's complaint was moot because he did not obtain a ruling on his 32.01 claim until after the grand jury returned a second indictment. One of the issues raised in *Condran* (the mootness issue) is the exact issue raised (and granted) in ground one of the State's petition in this case. And while in *Condran* the constitutionality of a statute which is no longer in effect is challenged, in this case the constitutionality of a current statute—art. 32.01—is challenged. Yet *Condran* has not been improvidently granted.

Furthermore, less than one month ago, on April 15, 1998, we granted review in *Barnes v. State*, Nos. 400/401/402–98. The issues in *Barnes* are the same issues pending in *Condran*.

And finally, we have recently granted review in two other cases concerning art. 32.01, although the issues relate to aspects of the statute different from those in the cases discussed above. In *Martin v. State*, No. 73–98, granted on the eighth of last month, the issue is what is "good cause" under art. 32.01. In *Dobbs v. State*, Nos. 329/330–98, granted the twenty-second of last month, we granted review to decide in what court a case is pending under art. 32.01 before indictment. So, the Court continues to grant review of various issues relating to art. 32.01.

Presumably, the Court grants review to examine the legal issue presented; thus, it is irrelevant whether it is an appellant's or a State's petition presenting the issue. Nevertheless, *Condran* and *Barnes* are appellants' petitions, and *Norton* and *Ybarra* are State's petitions. It makes no sense to improvidently grant cases when the identical issues have

been granted review and are pending decision in this Court.