Mario Antonio MUNOZ, Appellant,

v.

STATE of Texas, Appellee.

No. 11–98–00179–CR.

Court of Appeals of Texas, Eastland.

June 24, 1999.

---

Candace Norris, Staff Atty., State Counsel for Offenders, Texas Dept. of Crim. Justice, Plainview, for appellant.

Gary Brown, Dist. Atty., Anson, William O. Juvrud, Special Prosecutor's Unit, Plainview, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

Appellant pleaded guilty to the offense of possession of a deadly weapon in a penal institution, and the trial court assessed his punishment at confinement for four years. In two issues, he complains that the trial court erred in denying his motion to dismiss an untimely returned indictment under former TEX. CODE CRIM. PRO. art. 32.01 (1966). We affirm.

On November 2, 1995, appellant was an inmate at the French Robertson Unit of the Texas Department of Criminal Justice—Institutional Division (TDCJ) when he was "arrested" by an investigator for the TDCJ Internal Affairs Division. The arrest was based on an incident that occurred on April 23, 1995, in the prison. The Jones County Grand Jury indicted appellant on November 18, 1996. Appellant filed a motion on June 23, 1998, to dismiss the indictment under former Article 32.01. The trial court denied the motion, and appellant pleaded guilty.

Former Article 32.01, as it existed at the time of appellant's indictment, provided:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

The 259th District Court sits in Jones County. TEX. GOV'T CODE ANN. § 24.436 (Vernon 1988). The court sits in two terms each year, one beginning on the first day of January and the next beginning on the first day of July. TEX. GOV'T CODE ANN. § 24.302 (Vernon 1988). Thus, assuming that former Article 32.01 applies, the indictment against appellant should have been returned no later than June 30, 1996.

Appellant argues in two issues on appeal that: (1) the indictment was not timely returned under former Article 32.01 and (2) his motion to dismiss, though filed after the return of the indictment, was timely. We address his issues in reverse order.

### Timing of a Motion to Dismiss Under Former Article 32.01

■ Appellant filed his motion to dismiss under former Article 32.01 after the grand jury returned an indictment against him. The Court of Criminal Appeals has held that former Article 32.01 has no application once an indictment is returned even though it is returned by the grand jury at a subsequent term of court. *Tatum v. State*, 505 S.W.2d 548, 549 (Tex.Cr.App. 1974); *Payne v. State*, 109 Tex.Crim. 287, 4 S.W.2d 53, 54 (1928). In recent years, however, some of the intermediate courts of appeals questioned the rationale of *Tatum* and *Payne* in light of the 1987 amendment to former TEX. CODE CRIM. PRO. art. 28.061 (1989), which provided that a dismissal under former Article 32.01 was with prejudice. *Norton v. State*, 918 S.W.2d 25 (Tex.App.—Houston [14th Dist.] 1996), *pet'n dism'd sub. nom, Ex parte Norton*, 969 S.W.2d 3 (Tex.Cr.App.1998);

see *Ex parte Knight*, 904 S.W.2d 722 (Tex. App.—Houston [1st Dist] 1995, pet'n ref'd)(questioning the rationale in obiter dictum; the charges against the defendant were dismissed during the pendency of his application for writ of habeas corpus, and the point became moot). Other intermediate courts of appeals continued to follow *Tatum*, noting that it was the latest case on the subject from the Court of Criminal Appeals. *Holleman v. State*, 945 S.W.2d 232 (Tex.App.—Amarillo 1997, pet'n ref'd); *Wilkinson v. State*, 899 S.W.2d 20 (Tex. App.—San Antonio 1995, pet'n ref'd).

The *Norton* court observed that, prior to the amendment to former Article 28.061, the defendant could be reindicted following dismissal under former Article 32.01 and that, "once the effort to obtain an indictment was expended, it was no longer reasonable to dismiss a case and thereby require that the effort to indict be duplicated after refiling." *Norton v. State*, supra at 28. The *Norton* court then found that former Article 28.061, as amended, required a dismissal to be with prejudice when the timing of the indictment failed to comply with the requirements of former Article 32.01. *Norton v. State*, supra at 29. The *Holleman* court noted the reasoning in *Norton* but declined to follow it, holding that former Article 28.061 did not apply until after the court granted a motion to dismiss under Article 32.01. The court held that former Article 28.061 had no bearing on whether an Article 32.01 motion should be sustained. *Holleman v. State*, supra at 236. The *Holleman* court also noted that *Tatum* was the final word from the Court of Criminal Appeals and that *Norton* had not been subjected to review by that court. *Holleman v. State*, supra at 235.

The Dallas Court of Appeals held that the 1987 amendment to former Article

28.061 made it unconstitutional under the doctrine of separation of powers. *State v. Condran*, 951 S.W.2d 178 (Tex.App.—Dallas 1997), *pet'n dism'd*, 977 S.W.2d 144 (Tex.Cr.App.1998). If the Court of Criminal Appeals also held former Article 28.061 to be unconstitutional, the rationale underlying *Norton* would disappear, and the supposed rationale underlying *Tatum* would remain. As noted above, however, the Court of Criminal Appeals dismissed the petitions for discretionary review in both *Norton* and *Condran* as improvidently granted. Thus, there seemed to be a split among the courts regarding the continued viability of *Tatum*.[1]

Recently, however, the Court of Criminal Appeals has reaffirmed its holding in *Tatum* that former Article 32.01 has no application once an indictment is returned regardless of the effect of a dismissal under former Article 28.061. *Brooks v. State*, 990 S.W.2d 278 (Tex.Cr.App., 1999). Thus, we hold that *Tatum* controls and that former Article 32.01 had no effect on appellant's case once the grand jury returned an indictment.

Appellant argues that requiring him to file a motion to dismiss prior to the return of an indictment works an injustice against him because it is a rather technical matter and because he was without counsel and not entitled to counsel until after the indictment was returned. As explained in detail below, appellant was not detained in the present case until December 3, 1996. As further explained below, the fact that appellant was not detained renders former Article 32.01 inapplicable to his situation. Thus, appellant's argument concerning his ability to understand the requirements of former Article 32.01 without representa-

---

1. The legislature amended former Article 28.061 again in 1997 to delete its provision making a dismissal under former Article 32.01 to be with prejudice. The amendment probably cured any questions about the constitutionality of Article 28.061 in regards to the separation of powers doctrine. See *Con-*

*dran*. If *Norton* and *Knight* were correct, they would apply only to cases occurring between September 1, 1987, and May 12, 1997. Former Article 32.01 was also amended in 1997, but the amendment has no relevance to the present case.

tion is interesting, but moot. We overrule appellant's second issue.

### Applicability of Former Article 32.01

■ Appellant's first issue is that the indictment was not timely filed under former Article 32.01 because it was not returned during "the next term of court" after his arrest. During the hearing on his motion to dismiss, appellant presented the testimony of Carroll Eugene Versyp, Chief of Police in Hawley. Chief Versyp testified regarding the "Texas Department of Public Safety Criminal History Reporting Form." A copy of the reporting form appears in the record and states that appellant was arrested on November 2, 1995, for the offense of retaliation based on an incident that occurred on April 23, 1995.[2] Appellant contends that the reporting form establishes that he was "detained in custody ... for his appearance to answer any criminal accusation before the district court" within the purview of former Article 32.01. We disagree.

At the time of his "arrest," appellant was serving a sentence at the French Robertson Unit for the intentional and knowing delivery of cocaine. Although the Internal Affairs Division investigator apparently investigated an offense occurring on April 23, 1995, and apparently determined that appellant should be charged on November 2, 1995, nothing in the record indicates that appellant was ever "detained in custody ... for his appearance to answer" that criminal charge. Nothing in the record shows that appellant's "arrest" prevented him from receiving parole or being otherwise released, and nothing in the record shows that appellant suffered any other deprivations of freedom other than those that he already suffered as a convicted felon. Chief Versyp testified that the reporting form has no legal effect and serves only as a method for the State to gather data for statistical purposes.

**2.** The reporting form actually states that the offense occurred on April 23, 1974. Because appellant would have only been four years old on that date and because appellant's brief and

Under the plain language of former Article 32.01, appellant was not "detained in custody." Former Article 32.01 did not render the indictment untimely. The only point at which appellant was detained to answer the charges against him was when a capias warrant was executed against him on December 3, 1996. That detention occurred after the indictment was returned. We overrule appellant's first issue.

### Judgment

We affirm the judgment of the trial court.

the trial court's judgment state the date of the offense as April 23, 1995, we will assume the reporting form is in error on this point.