**The STATE of Texas, Appellant,**

**v.**

**Frederick BRUNI, Appellee.**

**No. 04–98–00908–CR.**

Court of Appeals of Texas, San Antonio.

June 30, 1999.

Rehearing Overruled July 22, 1999.

<hr>

Mary Beth Welsh, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Mark Stevens, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

The State of Texas appeals from the trial court's grant of Frederick Bruni's application for writ of habeas corpus and dismissal of the intoxication assault indictment pending against him. In four points of error, the State argues that the trial court ·erred because: 1) Bruni was not detained in custody or held to bail for his appearance to answer a criminal accusation before the district court within the meaning of article 32.01; 2) the State was prohibited from presenting evidence of good cause for delay; 3) Bruni's writ was rendered moot since it was filed after the indictment against him issued; and 4) article 28.061 as applied under article 32.01 is unconstitutional as violative of the separation of powers doctrine. We reverse and remand.

## I.

Frederick Bruni was involved in an automobile accident on October 20, 1996. He was transported by ambulance to the hospital, where he was arrested for DWI and consented to give a blood sample. He was released from the hospital without the requirement of bond and he was not booked or formally charged with any offense.

Bruni was indicted for intoxication assault on August 5, 1997. Subsequent to the indictment being returned against him, Bruni applied for a writ of habeas corpus and dismissal of the indictment, alleging that his indictment was untimely under article 32.01 of the Code of Criminal Procedure. Upon hearing, the trial court granted the writ of habeas corpus and dismissed the indictment.

The State appeals.

## II.

The State argues that the Court of Criminal Appeals' recent opinion, *Brooks v. State*, 990 S.W.2d 278, 285 (Tex.Crim. App. 1999), renders Bruni's application for writ of habeas corpus moot because it was filed after the indictment was returned against him.

In *Brooks*, the Court of Criminal Appeals reaffirms its position in *Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App. 1974). In *Brooks*, the Court said:

We have held that Article 32.01 has no application once an indictment is returned. *Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App.1974). In this case, appellant waived his right to challenge the indictment since he filed his writ of habeas corpus almost a year and a half after the indictment was returned by the grand jury. Point of error seven is overruled

*Brooks*, 990 S.W.2d at 285.

Prior to *Brooks*, our Court has followed the reasoning of *Norton v. State*, 918 S.W.2d 25, 29 (Tex.App.—Houston [14th Dist.] 1996), *pet. dism'd, improvidently granted per curiam, Ex parte Norton*, 969 S.W.2d 3 (Tex.Crim.App.1998) to find that a writ of habeas corpus seeking relief for late indictment in violation of article 32.01 is not moot if the indictment issues before the writ is granted or the grounds for relief determined. *See Ex parte Lawson*, 966 S.W.2d 532, 536 (Tex.App.—San Antonio 1996, pet. ref'd)(en banc); *accord Norton*, 918 S.W.2d at 29; *see also Ex parte Knight*, 904 S.W.2d 722, 725 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). *Lawson, Knight* and *Norton* stand for the proposition that the 1987 amendments to article 28.061, which make that article applicable to article 32.01, abrogate *Tatum* to the extent that *Tatum* did not contemplate the right to dismissal with prejudice effected by the amended article 23.061. *See id.; Norton*, 918 S.W.2d at 29; *Knight*, 904 S.W.2d at 725.

Despite our prior holdings, the language of *Brooks* is unambiguous that failure to file the writ before indictment issues waives the right to challenge the indictment. In light of *Brooks*, we are bound to hold that Bruni's application for writ of

habeas corpus is rendered moot by the return of the indictment against him before he filed his writ.[1] We reverse the trial court's granting of the writ of habeas corpus and order dismissing the indictment.

### III.

We reverse the trial court's granting of Bruni's application for writ of habeas corpus and dismissal of the indictment against him and remand to the trial court for further proceedings.

Rehearing Overruled July 22, 1999.

Mary Beth Welsh, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Mark Stevens, San Antonio, for appellee.

---

**1.** In light of our holding, we do not reach the   remainder of the issues presented on appeal.