**Aubrey TATUM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47918.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Rick Rogers, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., John Potter, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of possession of heroin. The jury assessed his punishment at 15 years' imprisonment. The evidence shows that on October 24, 1970, police officers from Corpus Christi were attempting to execute an arrest warrant on a third party. The appellant was standing with a group of men nearby. One of the officers attempting to arrest the third party observed the appellant reach into his left front pocket, bring out a matchbox and throw it down. He became suspicious and picked up the box. Inside, he found two "papers" of heroin. He then placed the appellant under arrest.

The appellant's first ground of error urges that the court erred in overruling the first paragraph of his motion to

quash the indictment because he was denied a speedy trial.

The record reflects that appellant was initially arrested on October 24, 1970. He was indicted on November 21, 1971. This indictment was dismissed on motion of the district attorney, and a new indictment issued on December 7, 1972. Appellant was arraigned on December 15, 1972 and filed a motion for continuance on February 6, 1973, which was overruled, a previous motion for continuance having been granted on May 15, 1972.

Appellant apparently made no effort to put on evidence prior to trial on this issue, and neither motion for speedy trial no attempt to mandamus the court in order to secure speedy trial is shown. See McKinney v. State, 491 S.W.2d 404 (Tex.Cr. App.1973), and Haas v. State, 498 S.W.2d 206 (Tex.Cr.App.1973).

Further, beyond arguing in his brief that memories of the arrest had faded, appellant makes no showing of injury such as lack of witnesses or the occurrence of oppressive pre-trial incarceration. See McCarty v. State, 498 S.W.2d 212 (Tex.Cr. App.1973). Applying the "balancing test" we find that appellant has failed to show a violation of his sixth amendment rights. See George v. State, 498 S.W.2d 202 (Tex.Cr.App.1973).

▪ Appellant's second ground of error also relates to his motion to quash. Relying on Art. 32.01, Vernon's Ann.C.C.P.,[1] he contends that the prosecution should have been dismissed.

The record indicates that at the time of appellant's arrest the August, 1970 term of the Nueces County Grand Jury was in session. No indictment was returned against appellant at that term, nor at the next (February, 1971). Appellant was indicted at the August, 1971 term, but this indictment was dismissed. Thereafter, the January, 1972 term passed without appellant being indicted. It was not until the August, 1972 term that the indictment involved here was returned.

At trial, the appellant, relying on Art. 32.01, supra, argued that the indictment should be quashed and the prosecution dismissed. In overruling appellant's contention, the trial court acted correctly. We have held that Art. 32.01 has no application once an indictment is returned even though it is returned by a grand jury at a subsequent term of court. See Payne v. State, 109 Tex.Cr.R. 287, 4 S.W.2d 53 (1928) and Ex Parte Johnson, 142 Tex.Cr. R. 483, 154 S.W.2d 854 (1941). Appellant's proper remedy would have been to seek dismissal before the second indictment was issued. See Payne v. State, supra.

▪ Appellant also contends that the heroin taken during his arrest should have been suppressed as the result of an illegal search. It is obvious, from the facts, that the heroin was recovered from the ground where appellant had thrown it. It was not found as the result of a search. See Noah v. State, 495 S.W.2d 260 (Tex.Cr.App. 1973) and cases there cited.

▪ Appellant's fourth ground of error urges that at the punishment stage of the trial the State was improperly allowed to prove up his prior convictions. It is argued that he was not shown to be the person whose fingerprints were contained in the State's exhibits (prison packets) because the witness who made the comparisons had not personally taken the finger-

---

1. Art. 32.01, V.A.C.C.P., states:
"When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail."

prints used as a basis of comparison. The witness, a fingerprint expert, was official custodian of the Nueces County sheriff's office records. The record which was the basis of comparison with the fingerprints in the prison packets was an official record of the Nueces County sheriff's office, made when appellant was arrested. Appellant's contention is without merit under our decision in Jones v. State, 500 S.W.2d 661 (Tex.Cr.App.1973), wherein a similar contention was overruled.

■ Appellant's last two grounds of error complain that an insufficient predicate was laid for the admission of the prison packets discussed above because they were not introduced and filed with the court 14 days prior to jury selection as required by Arts. 3737e and 3731a, Vernon's Ann.Tex. Rev.Civ.Stats.

The court heard arguments on this issue before the exhibits were introduced and ruled that there was no surprise to appellant. In the absence of such a finding, there was no error. See Martinez v. State, 469 S.W.2d 185 (Tex.Cr.App.1971) and cases there cited.

The judgment is affirmed.