Joe Dale HOLLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–96–0180–CR.

Court of Appeals of Texas, Amarillo.

April 14, 1997.

Rehearing Overruled June 16, 1997.

Richard R. Gore, Lubbock, for appellant.

William C. Sowder, Criminal District Attorney, Michael West, Appellate Chief, Lubbock, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Assigned).

A jury found appellant Joe Dale Holleman guilty of the offense of incest, and the trial court, finding that appellant previously had been convicted of three felony offenses, assessed his punishment at imprisonment for life. With two points of error, appellant seeks, in inverse order, a reversal and dismissal with prejudice or, alternatively, a new trial, on the contentions that the trial court erred in (1) not affording his trial counsel ten days time to prepare for trial after appointment, and (2) denying his motion to set aside the indictment. The points will be overruled and the judgment will be affirmed.

The evidential record reveals that on 30 March 1994, appellant had sexual intercourse with his daughter, and then took her to a friend's house, where he was arrested for criminal trespass. He made bond and was released. Subsequently, appellant was indicted for the offenses of sexual assault, aggravated sexual assault, and indecency with a child. He was arrested on 18 July 1994, and the booking sheet reflects that he was charged with sexual assault, aggravated sexual assault, indecency with a child, parole violation, and aggravated sexual assault. An amount of bond was set for each offense, except the parole violation for which a "No Bond" notation was entered. Appellant remained incarcerated.

On 20 March 1996, a grand jury returned to the 137th Judicial District Court of Lubbock County an indictment against appellant for the offense of incest, the subject of the present prosecution, and for two offenses of sexual assault of a child, all of which were alleged to have occurred on or about 30 March 1994. The State characterizes the indictment as a reindictment alleging a new offense. By order, the cause was transferred to the 237th Judicial District Court of Lubbock County, and counsel was appointed to represent appellant in the trial court.

■ In pursuing his first point of error, appellant, represented by different appellate counsel, posits that he was indicted for the offense of incest on 20 March 1996, the order appointing his trial counsel was filed on 28 March 1996, and his trial commenced on 1 April 1996. As a result, he contends, trial counsel was denied the ten days preparation time required by article 1.051(e), Texas Code of Criminal Procedure Annotated (Vernon Supp.1997);[1] and, even though no objection

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

1. As material to appellant's contention, the article provides: "An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on record in open court."

was made in the trial court, the denial may be raised for the first time on appeal, *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Cr.App. 1993), and a violation of the article is not subject to a harm analysis. *Id.* at 281.

To determine compliance with the article, the consistent focus is on the preparation time afforded appointed counsel, not the time of the formal appointment. *Marin v. State*, 891 S.W.2d 267, 270 (Tex.Cr.App. 1994). And there is no violation of the article by forcing appointed counsel to trial within ten days of reindictment where counsel had been appointed on the original indictment in excess of ten days. *Id.* at 271.

The record reveals that at the time the trial court signed the 28 March 1996 order, by which trial counsel was formally appointed to represent appellant "in this case," trial counsel had been representing appellant, so he later certified, since his formal appointment on 20 September 1994 on three indictments "covering the same factual material as the instant case ... with additional counts alleging the same factual allegations as are alleged in two (2) of the prior indictments." He added that he had numerous visits with appellant, had conducted research and discovery, had received notice of the indictment for incest on 20 March 1996, and had received notice of the arraignment on 21 March 1996, at which time he discussed with appellant the allegations of the new indictment and the arraignment.

So far as the record shows, the difference in the previous indictments and the current one is negligible. Given trial counsel's certification, it is not surprising that he did not request additional time for preparation after the filing of his formal appointment on 28 March 1996; and, since trial counsel's representation of appellant "covering the same factual material" was continuous during the preceding eighteen months, it cannot be seriously contended that there was insufficient time for him to prepare for trial. *Guzman v. State*, 521 S.W.2d 267, 270 (Tex.Cr.App.1975); *Hayles v. State*, 507 S.W.2d 213, 214–15 (Tex. Cr.App.1974). Appellant's first point of error is overruled.

Pretrial, on 28 March 1996, appellant moved to set aside the indictment. The ground for the motion was that he "was arrested on July 18, 1994 on the instant charges and has remained incarcerated ... continuously since that arrest." The "instant charges" were recited to be the indictment returned on 20 March 1996 by the grand jury, which "was the fourth such Grand Jury empaneled since [appellant's] incarceration on these charges." Appellant alleged that since he was not timely indicted, he was entitled to relief under article 32.01, Texas Code of Criminal Procedure Annotated (1989), which provides:

> When a defendant has been retained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

The trial court overruled the motion, giving rise to appellant's second point of error.

Appellant now argues that although incest was an offense not charged when he was arrested in 1994, the State's attempt to characterize the 1996 indictment as a reindictment was an admission that he had been held for conduct occurring on 30 March 1994. The State, he adds, knew of the 30 March 1994 incident the day it occurred and had plenty of opportunity to indict him for the present offense. He notes that the terms of the 137th District Court, the court to which article 32.01, *supra*, applies, *Norton v. State*, 918 S.W.2d 25, 27 (Tex.App.—Houston [14th Dist.] 1996, no pet'n), begins on the first Mondays in January and July of each year. Tex. Gov't Code Ann. § 24.239 (Vernon 1988). Therefore, he concludes, over two full terms of court elapsed between his arrest and indictment, a clear violation of article 32.01, *supra*. The violation, appellant further argues, requires that he be discharged because of the delay, and that further prosecution be barred under a statute which, since its amendment in 1987, provides:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense charged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

Tex.Code Crim. Proc. Ann. art. 28.061 (Vernon 1989).[2]

In reply, the State points out that during the pretrial hearing, the trial court was advised that appellant was held on the blue warrant, i.e., the parole violation, until November, 1995. No denial or contradiction of the State's information by trial counsel appears in the record. Implicit in the State's informational offer is that once appellant was no longer held on the parole violation and became subject to the State's criminal accusations against him, the present indictment was returned within the limits prescribed by article 32.01.

Regardless of the authority under which he was detained, appellant has not shown his entitlement to relief under articles 32.01 and 28.061. The Court of Criminal Appeals has held that article 32.01 has no application once an indictment is returned even though it is returned by a grand jury subsequent to the next term of court after the defendant was detained in custody or held to bail. The proper remedy is to seek dismissal before the indictment is issued. *Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Cr.App.1974), and cases there cited. Then, because appellant did not file his motion to set aside the indictment for incest until after the indictment was returned, the trial court correctly denied him the relief sought for that reason.

Notwithstanding, appellant relies upon *Ex Parte Knight,* 904 S.W.2d 722 (Tex.App.—Houston [1st Dist.] 1995, pet'n ref'd), and *Norton v. State,* 918 S.W.2d at 27–28, each an

appeal from the denial of a writ of habeas corpus. He offers the decisions as reaching a conclusion opposite to the holding of the *Tatum* court.

The applicant in *Knight* sought, by his petition for writ of habeas corpus, a dismissal with prejudice of a felony complaint pending against him in the justice court, which was dismissed after his petition was filed. The court held the dismissal rendered his petition moot. Nevertheless, the court expressed, as obiter dictum, that if it agreed with the State that the dismissal of charges in the justice court should be treated in the same way as obtaining an indictment, it would not apply the "old rule" of *Tatum.* The court reasoned that prior to the application of article 28.061 there was no right to dismissal with prejudice for a violation of article 32.01 and, within that legal context, the *Tatum* holding made sense. It made sense, in the court's view, because of its ascribed rationale for the *Tatum* holding as "it would be a useless act to dismiss the accused under the old charges where a new indictment required the defendant to be reincarcerated." But, the court concluded, since *Tatum* preceded the 1987 amendment to article 28.061, which made it applicable to article 32.01, thereby giving the defendant a right to dismissal of the charges with prejudice, the rationale of *Tatum* no longer applies. *Id.* at 724–25.

The *Norton* applicant filed his petition for writ of habeas corpus nineteen days after the return of an indictment against him. The district court denied the writ and the State defended the ruling on the authority of *Tatum* and other decisions. Employing the same reasoning used by the *Knight* court, the appellate court held the rationale for the *Tatum* decision no longer applies, reversed the judgment, and remanded the cause to the trial court with instructions to dismiss the prosecution. 918 S.W.2d at 27–29.

We decline to accept either the obiter dictum of *Knight,* which was unnecessary to the decision, or the holding in *Norton,* which was not subjected to review by the Court of

---

**2.** Subsequent references to articles are to those articles of the Texas Code of Criminal Procedure   Annotated (Vernon 1989).

Criminal Appeals, as controlling the decision rendered in this appeal. The reasoning of each court for disowning the *Tatum* holding is founded on the 1987 amendment making article 28.061 applicable to article 32.01; however, by its explicit language, article 28.061 does not become applicable until "a motion to set aside an indictment ... for failure to provide a speedy trial *is sustained*." (Emphasis added.) Thus, article 28.061 has no bearing on whether an article 32.01 motion should or should not be sustained.

Because appellant did not file his motion to set aside the indictment until after it was returned, article 32.01 was not applicable to afford him a dismissal of the incest accusation. *Tatum v. State*, 505 S.W.2d at 550. Insofar as our research has revealed, the *Tatum* decision is the latest decision on the subject by the Court of Criminal Appeals, and we have no authority to circumvent it. *State v. Briggs*, 171 Tex.Crim. 479, 351 S.W.2d 892, 894 (1961). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.