**The STATE of Texas, Appellant,**

v.

**Ruben PORTILLO, Appellee.**

No. 08–97–00101–CR.

Court of Appeals of Texas, El Paso.

March 31, 1999.

Jaime E. Esparza, Dist. Atty., El Paso, for Appellant.

Jaime Gandara, El Paso, for Appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

*O P I N I O N*

RICHARD BARAJAS, Chief Justice.

This is a State's appeal from an order granting Appellee's writ of habeas corpus. We reverse the order of the trial court.

## I.  *SUMMARY OF THE EVIDENCE*

On May 19, 1992, Appellee was indicted for possession of less than twenty-eight grams of cocaine. The indictment alleged that the offense was committed on or about April 29, 1991. On July 30, 1993, Appellee pleaded guilty to the indictment and received eight (8) years' probation. On January 16, 1997, the State filed a Motion to Revoke Probation. Appellee filed a Petition for Writ of Habeas Corpus on January 27, 1997. Appellee asserted that his original indictment was not timely under art. 32.01 and art. 28.061 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 32.01, 28.061 (Vernon 1989).

At the hearing on the writ of habeas corpus it was established that Appellee was arrested on April 29, 1991 and he was not indicted until the January term of court of 1992. The court held that the indictment was not timely under the aforementioned articles and signed an order dismissing the indictment.

## II.  *DISCUSSION*

In Point of Error No. Two, the State of Texas contends that the court erred in dismissing the indictment because article 32.01of the Texas Code of Criminal Procedure is inapplicable and cannot be used to set aside an indictment once the indictment has been returned. Article 32.01 provides that an indictment shall be dismissed against an accused if the indictment is not presented against him at the next term of court. TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon 1989). In *Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim. App.1974), the defendant was not timely indicted under art. 32.01. The Court of Criminal Appeals held that the article had

no application once an indictment is returned even though it is returned by a grand jury at a subsequent term of court. *Id.* The court explained that the defendant's proper remedy would be to seek dismissal **before** the indictment was returned. *Id.* (Emphasis supplied). Recently, the Amarillo Court of Appeals followed this holding. *Holleman v. State,* 945 S.W.2d 232, 233 (Tex.App.—Amarillo 1997, pet. filed). We adhere to the rulings in both *Tatum* and *Holleman* and find that since Appellee failed to seek relief prior to the issuance of the underlying indictment, that he has waived his habeas corpus complaint. The trial court erred in dismissing the indictment. Point of Error No. Two is sustained.

Having sustained Appellant's Point of Error No. Two renders it unnecessary to discuss any remaining points. We reverse the trial court's order dismissing the indictment and remand the cause to the trial court for further proceedings.