**The STATE of Texas, Appellant,**

v.

**Derrick Lamont SALTER, Appellee.**

**Nos. 14–98–00565–CR to 14–98–00570–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 20, 1999.

Ken J. McLean, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

The State appeals from the district court's order dismissing the indictments against appellee, Derrick Lamont Salter, pursuant to article 32.01 of the Texas Code of Criminal Procedure and barring further prosecution pursuant to article 28.061 that Code. The State asserts four points of error. First, the State contends the district court erred in dismissing appellee's indictments because the grand jury indicted appellee before appellee applied for a writ of habeas corpus, and therefore, the issue was moot. Second, the State contends article 28.061 is unconstitutional because it violates the separation of powers doctrine. Third, the State contends that because it complied with article 32.01, habeas corpus relief should not have been granted. Last, the State contends the district court abused its discretion in finding the State did not have good cause for delaying the indictment. Because we con-

clude that the issue was moot, we reverse the district court's order.

## Background

In 1994, the State filed a petition accusing appellee of having engaged in delinquent conduct by committing fourteen aggravated robberies. At the time, appellee was a juvenile. On September 2, 1994, the juvenile court waived its exclusive jurisdiction over five of those offenses, thus vesting the district court with jurisdiction over those five offenses.[1] In a separate order, the juvenile court dismissed the allegations in nine offenses without waiving jurisdiction. Due to a clerical error, the district court signed an order accepting jurisdiction over the nine offenses in which the allegations had been dismissed by the juvenile court. That error led to the indictment of appellee on five of those dismissed offenses. Appellee subsequently pleaded guilty to those charges and was sentenced to twenty-five years' confinement. Appellee appealed those convictions and was granted a new trial on January 8, 1998.

On February 16, 1998, appellee was indicted for the five offenses over which the juvenile court had waived jurisdiction. This was the first time that appellee was before the district court on these charges. Subsequently, on March 2,1998, appellee filed an application for writ of habeas corpus contending that the State had failed to indict him before the conclusion of the "next term of the court ... held after his commitment or admission to bail." TEX. CODE CRIM. PROC. ANN. art.32.01. Appellee's contention was that the indictments were subject to dismissal under articles 32.01 and 28.061 of the Code of Criminal Procedure. After conducting an evidentiary hearing on the writ application, the trial court granted habeas corpus relief. It is from this order that the State appeals.

In its first point of error, the State contends that the district court erred in

---

1. The Juvenile Justice Code confers upon juvenile courts exclusive, original jurisdiction over "proceedings in all cases involving the delinquent conduct ... engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct." TEX. FAM CODE ANN. § 51.04(a) (Vernon 1996). Thus, the district court did not obtain jurisdiction over these proceedings until the juvenile court had waived its jurisdiction.

dismissing appellee's indictments because the grand jury indicted appellee before appellee applied for a writ of habeas corpus, and therefore, the issue was moot. In *Brooks v. State*, 990 S.W.2d 278, 285–86 (Tex.Crim.App.1999), the Court of Criminal Appeals held that defendant's challenge to his indictment under article 32.01 was waived because he did not apply for relief prior to presentment of the indictment. In that case, appellant filed a writ of habeas corpus challenging the State's failure to obtain an indictment in compliance with Code of Criminal Procedure article 32.01. *See id.* However, the Court explained that once an indictment has been returned, article 32.01 has no application. *See id.* (upholding its earlier decision in *Tatum v. State*, 505 S.W.2d 548, 550 (Tex. Crim.App.1974)).

Thus, applying the rule in *Brooks*, we hold appellant's challenge to the indictments was not timely, and the district court erred in granting habeas corpus relief. Point of error one is sustained. We reverse the trial court's order discharging appellee and remand these cases for trial under the original indictments.