The STATE of Texas, Appellant,

v.

Tammy Sue WEIBLEN, Appellee.

No. 04–98–00842–CR.

Court of Appeals of Texas,
San Antonio.

June 9, 1999.

Rehearing Overruled July 2, 1999.

Mary Beth Welsh, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Mark Stevens, Patrick Hancock, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

The State of Texas appeals from the trial court's granting of Tammy Weiblen's application for writ of habeas corpus and dismissal of the intoxication manslaughter indictment pending against her. In four points of error, the State argues that the trial court erred because: 1) Weiblen was not detained in custody or held to bail for her appearance to answer a criminal accusation before the district court within the meaning of article 32.01; 2) the State presented sufficient evidence to demonstrate good cause for delay; 3) Weiblen's writ was rendered moot since it was filed after her indictment issued; and 4) article 28.061 as applied under article 32.01 is unconstitutional as violative of the separation of powers doctrine. We reverse and remand.

### I.

Tammy Weiblen was involved in an automobile accident on May 3, 1997. She was arrested and transported to Brook Army Medical Center, where her blood was drawn. She was released from the hospital without the requirement of bond and she was not booked or formally charged with any offense.

Weiblen was indicted for intoxication manslaughter on December 10, 1997, and was arrested and made bond that same day. Subsequent to the indictment being returned against her, Weiblen applied for a writ of habeas corpus and dismissal of the indictment, alleging that her indictment was untimely under article 32.01 of the Code of Criminal Procedure. Upon hearing, the trial court granted the writ of habeas corpus and dismissed the indictment.

The State appeals.

### II.

The State argues that the Court of Criminal Appeals' recent opinion, *Brooks*

*v. State,* 990 S.W.2d 278, 285–86 (Tex. Crim.App.1999), renders Weiblen's application for writ of habeas corpus moot because it was filed after the indictment was returned against her.

In *Brooks,* the Court of Criminal Appeals reaffirmed its position in *Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App. 1974). In *Brooks,* the Court said:

> We have held that Article 32.01 has no application once an indictment is returned. *Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App.1974). In this case, appellant waived his right to challenge the indictment since he filed his writ of habeas corpus almost a year and a half after the indictment was returned by the grand jury. Point of error seven is overruled.

*Brooks,* at 285.

Prior to *Brooks,* we had followed the reasoning of *Norton v. State,* 918 S.W.2d 25, 29 (Tex.App.—Houston [14th Dist.] 1996), *pet. dism'd, improvidently granted per curiam, Ex parte Norton,* 969 S.W.2d 3 (Tex.Crim.App.1998) to find that a writ of habeas corpus seeking relief for late indictment in violation of article 32.01 was not moot if the indictment issued before the writ is granted or the grounds for relief determined. *See Ex parte Lawson,* 966 S.W.2d 532, 536 (Tex.App.—San Antonio 1996, pet. ref'd)(en banc); *accord Norton,* 918 S.W.2d at 29; *see also Ex parte Knight,* 904 S.W.2d 722, 725 (Tex.App.— Houston [1st Dist.] 1995, pet. ref'd). *Lawson, Knight* and *Norton* stand for the proposition that the 1987 amendments to article 28.061, which make that article applicable to article 32.01, abrogate *Tatum* to the extent that *Tatum* did not contemplate the right to dismissal with prejudice effected by the amended article 23.061. *See id.; Norton,* 918 S.W.2d at 29; *Knight,* 904 S.W.2d at 725.

Despite our prior holdings, the language of *Brooks* is unambiguous that failure to file the writ before indictment issues waives the right to challenge the indictment. In light of *Brooks,* we are bound to hold that Weiblen's application for writ of habeas corpus is rendered moot by the return of the indictment against her before she filed her writ.[1] We reverse the trial court's granting of application for the writ of habeas corpus and order dismissing the indictment.

### III.

We reverse the trial court's granting of Weiblen's application for writ of habeas corpus and dismissal of the indictment against her and remand to the trial court for further proceedings.

---

1. In light of our holding, we do not reach the remainder of the issues presented on appeal.