NO. 07-99-0286-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 13, 2000

______________________________

MARTY EARL SEABORN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 46
TH
 DISTRICT COURT OF WILBARGER COUNTY;

NO. 9505; HONORABLE TOM NEELY, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

In this appeal, appellant Marty Earl Seaborn
(footnote: 1) challenges his conviction of the felony offense of possession of a controlled substance and the consequent jury assessed punishment of 20 years confinement in the Institutional Division of the Department of Criminal Justice.  He presents three issues for our review which, he contends, show reversible error.  Disagreeing that reversal is required, we affirm his conviction.

On April 19, 1997, appellant was driving a tractor-trailer loaded with cattle on Highway 287 near Vernon when he was involved in a collision, which resulted in his truck and trailer flipping on its side.  State Trooper William Wilson responded to the accident.  Wilson testified that appellant’s eyes were glazed, his speech was slurred, and he appeared to be intoxicated.  He also testified that appellant made several attempts to re-enter the cab of the overturned truck.

Appellant was arrested for driving while intoxicated and taken to the local jail.  During the recovery and storage of the tractor-trailer, Wilson conducted an inventory of the tractor cab contents.  In the process of conducting that inventory, he discovered some small plastic bags, some lighters and a burnt glass pipe, which he described as drug paraphernalia.  He also discovered a locked console in the cab.  Based on his discoveries, Wilson called for a drug dog to examine the cab.  Because of the cab’s confined area, only the dog handler and the dog were able to enter.  The handler reported to Wilson that the dog “alerted” on a small pouch in the sleeper compartment and on the locked console area.  Wilson found that one of the keys on the key ring he had obtained from appellant would unlock the console.  Upon opening the console, Wilson discovered what was later determined to be methamphetamine.

Appellant was not indicted until November 5, 1997.  The case was first set for trial on January 11, 1999.  On appellant’s motion seeking a continuance, the case was reset for March 1, 1999.  The trial was again reset and ultimately begun on April 19, 1999.  The trial resulted in the conviction and punishment we have set out above.  The three issues appellant now presents for our review are: 1) whether his prosecution is barred by the State’s delay in obtaining an indictment; 2) whether the evidence is factually sufficient to support his conviction; and 3) whether the trial court erred in refusing to suppress some of the State’s evidence.

Appellant’s first issue concerns the application of article 32.01 of the Code of Criminal Procedure.  That statute requires that a person in custody or subject to bail must be charged by indictment or information “on or before the last day of the next term of the court which is held after his commitment or admission to bail” or before the 180
th
 day after commitment or bail under penalty of dismissal and discharge of bail.  Tex. Code Crim. Proc. Ann. article 32.01 (Vernon Supp. 2000).  However, the dismissal is not required if “for good cause shown, supported by affidavit,” the trial court orders otherwise.  
Id.  
Appellant argues that the record affirmatively shows a violation of the statute because although he was arrested on April 19, 1997, he was not indicted until November 5, 1997, during which time more than 180 days and two terms of the District Court of Wilbarger County had passed.  
See
 Tex. Gov’t Code Ann. § 24.148(b)(3) (Vernon 1988) (providing that the terms of court in Wilbarger County begin on the first Monday in January and the 11
th
, 22
nd
, and 41
st
 Mondays thereafter).
(footnote: 2)
 The State responds by citing 
Tatum v. State
, 505 S.W.2d 548, 550 (Tex.Crim.App. 1974), and this court’s decision in 
Holleman v. State
, 945 S.W.2d 232, 235 (Tex.App.--Amarillo 1997, pet. ref’d), holding that article 32.01 has no applicability after the indictment is returned.  When no indictment has been returned after expiration of the time limits set out in article 32.01, a defendant’s proper remedy is to seek dismissal before an indictment is returned.  
Tatum
, 505 S.W.2d at 550.  
See also State v. Portillo
, 990 S.W.2d 857 (Tex.App.--San Antonio 1999, no pet.).  Here, appellant did not file his motion to dismiss until December 14, 1998, over a year after the indictment was returned.  At oral argument, appellant relied on 
Ex parte Martin
, 6 S.W.3d 524 (Tex.Crim.App. 2000), for the proposition that his delay in seeking dismissal of the indictment was only one of the factors to be considered.  However, 
Martin
 does not support that proposition.  In 
Martin
, as contrasted to this case, the defendant had filed a motion to dismiss prior to the return of an indictment. 
Id.
 at 525.  It was in that context that the court’s discussion occurred. We find nothing in 
Martin
 that erodes the validity of the 
Tatum
 holding in instances in which no motion to dismiss has been filed prior to indictment.  Because the 
Tatum
 doctrine is dispositive of the question, we overrule appellant’s first issue.

In his second issue, without challenging the legal sufficiency of the evidence, appellant challenges the factual sufficiency of the evidence to support the conviction.  In the seminal case of 
Clewis v. State
, 922 S.W.2d 126 (Tex.Crim.App. 1996), the court instructed that in determining factual sufficiency questions, the reviewing court views all the evidence without the prism of “in the light most favorable to the prosecution,” and may only set aside the verdict if the proof of guilt is so obviously weak as to undermine confidence in the jury’s determination or if that determination is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
Id
. at 135.  To ensure that this proper standard of review is followed and that the reviewing court is not usurping the role of the factfinder, the court has explicated certain procedural requisites.  
Clewis, 
922 S.W.2d at 135-36
; Meraz v. State
, 785 S.W.2d 146, 154 (Tex.Crim.App. 1990).  
See also
 
Pool v. Ford Motor Company
, 715 S.W.2d 629, 635 (Tex. 1986).  Thus, if the reviewing court determines reversal is necessary, it must detail the evidence relevant to the issue in consideration and clearly state why the evidence supporting the jury verdict is factually insufficient and the court must state in what regard the contrary evidence greatly outweighs that in support of the verdict.  
Clewis
, 922 S.W.2d at 135.  Parenthetically, the Court of Criminal Appeals has recently reaffirmed its continued adherence to 
Clewis
 in 
Johnson v. State
, No. 1915-98 (Tex.Crim.App.--February 9, 2000).

In presenting this challenge, appellant recites the well established requirement that to obtain a conviction for possession of a controlled substance, the State must establish: 1) the accused exercised care, control, and management over the contraband, and 2) the accused knew the matter possessed was contraband.  
Lary v. State
, No. 07-99-237-CR (Tex.App.--Amarillo March 21, 2000, no pet. h.).  These elements are not established by a defendant’s mere presence near the contraband.  There must be evidence of affirmative links between the defendant and the substance.  
Brown v. State
, 911 S.W.2d 744, 748 (Tex.Crim.App. 1995).

Appellant supports this attack by citing the testimony of his father, Stanley Seabourn, that appellant “had other drivers driving his truck in March and April in 1997" and that appellant “said there could have been someone else in the truck.”  However, Stanley Seabourn’s actual testimony was that appellant had other drivers “help him off and on all the time ever since he’s had that truck.  I tried to get him to hire somebody steady but its [sic] kind of hard to hire somebody that you just use now and then and he has had other drivers off and on all the time.”  Also, contrary to appellant’s assertion, the record does not show that appellant testified at trial.  Indeed, it was the testimony of Wilson that someone “could have” been in the truck.

It is axiomatic that, in making our decision, we can only consider the evidence in the record before us.  That evidence showed that the truck was owned by appellant, it was under his sole control at the time of the collision, and that the cab contained drug paraphernalia in plain view.  Appellant had the key to the locked compartment containing the controlled substance and exhibited signs that he was under the influence of some drug.  The locked console also contained prescription containers with appellant’s name on them.  Appellant told Wilson that he was alone and there is no evidence that anyone else had access to the locked console.  The mere possibility that another person might have been present in the cab of the truck on some previous date is certainly not sufficient to render a conclusion that appellant possessed the contraband contrary to the overwhelming weight of the evidence.  Even if the “alternative reasonable hypothesis” rejected in 
Geesa v. State
, 820 S.W.2d 154 (Tex.Crim.App. 1991) was still viable, the evidence would not be sufficient to raise such a hypothesis.  Appellant’s second issue is overruled.

In his third issue, appellant challenges the trial court’s refusal to suppress physical evidence recovered from the truck on the basis that it was the product of an illegal search and seizure.  A person’s right to be free from “unreasonable” searches is a fundamental part of our jurisprudence.  U.S. Const. Amend. IV; Tex. Const. art. I, sec. 9.  Searches conducted by law enforcement officers without a warrant are presumed unreasonable, unless they fall within a specific exception.  
New York v. Belton
, 453 U.S. 454, 457, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

An officer’s failure to obtain a search warrant is excused when the exigencies of the situation make the obtaining of a warrant unfeasible.  
Belton
, 453 U.S. at 457.  There are two situations in which the Courts have held the failure to obtain a warrant are applicable here.  They are the automobile exception, 
California v. Carney
, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), and searches conducted incident to a lawful arrest, 
Chimel v. California
, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The automobile exception was first recognized by the United States Supreme Court in 
Carroll v. United States
, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed.543 (1925), and was primarily based on the mobility of automobiles and similar vehicles.  The Court later applied the exception to vehicles that were not immediately mobile based upon what it viewed as a lower expectation of privacy than homes or businesses due to “pervasive schemes of regulations” under which such vehicles operate.  
Carney
, 471 U.S. at 392.  It is not clear from the record whether the search was conducted while the truck was on its side or after it had been brought upright, and if upright, whether it was capable of being driven.  However, the 
Carney
 holding supports a conclusion that the automobile exception was applicable even if the truck was not immediately mobile.

The fact that the truck might have been under the control of the police does not preclude the applicability of the automobile exception.  In 
State v. Guzman
, 959 S.W.2d 631 (Tex.Crim.App. 1998), our Court of Criminal Appeals, following the holding in 
Texas v. White,
 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975)
, 
 held that police control over a vehicle at the time of a search does not preclude application of the automobile exception.  
Guzman
, 959 S.W.2d at 634.

Moreover, the exception pertaining to searches incident to arrest is also applicable.  In 
Chimel
, the Court held that after a lawful arrest, police may conduct a search of the area within the immediate control of the arrestee.  395 U.S. at 763.  It clarified the application of that standard in the context of automobile passengers in 
New York v. Belton, 
453 U.S.
 
454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), by holding that the area within a driver’s or a passenger’s immediate control is the passenger compartment of the vehicle and any containers within that compartment.  453 U.S. at 460.  
See also State v. Ballard
, 987 S.W.2d 889, 892 (Tex.Crim.App. 1999).  Because Trooper Wilson’s search of the truck cab was incident to a lawful arrest, it did not violate appellant’s rights under the Fourth Amendment to the Federal Constitution, nor did it violate article I, section 9 of the Texas Constitution.  We overrule appellant’s third point.

In summary, all of appellant’s points are overruled and the judgment of the trial court is affirmed. 

John T. Boyd

 Chief Justice

Do not publish.   

FOOTNOTES
1:
Several documents and the parties’ briefs indicate that appellant’s name is spelled Seabourn.  Both the indictment and judgment used the spelling Seaborn and no objection was voiced on that basis.  Our opinion and judgment must conform to the trial court’s designation of the parties’ names.

2:
In 1997, those dates would be January 6, March 24, June 9, and October 20.