COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-111-CR
 
  
BILLY JACK LESTER                                                              APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Billy Jack Lester appeals his conviction for the offense of indecency with a 
child by contact. In three points, Appellant argues that the trial court erred 
(1) by allowing improper questioning during voir dire, (2) by permitting his 
sentence to be enhanced without proper notice, and (3) by not dismissing the 
charge under article 32.01 of the Texas Code of Criminal Procedure. We will 
affirm.
Factual and Procedural Background
        Because 
sufficiency of the evidence is not at issue, we need only briefly discuss the 
facts of the case. Appellant was arrested in April 1999 for committing the 
offense of indecency with a child, and he was released on June 30, 1999 pursuant 
to a writ of habeas corpus in civil cause number 99-30471-211. An indictment 
charging Appellant with the offense of indecency with a child for the 1999 
offense was filed on January 11, 2001. Appellant pleaded not guilty, and the 
State tried the case to a jury in April 2002.
        After 
hearing and considering all of the evidence presented at trial, a jury convicted 
Appellant of indecency with a child, A.M., as alleged in the indictment. During 
the punishment phase, the State presented evidence of Appellant’s prior felony 
conviction for burglary of a building. The trial court found the enhancement 
allegation to be true and sentenced Appellant to thirty-five years’ 
confinement.
Voir Dire
        In 
his first point, Appellant complains that the trial court erred by allowing 
improper voir dire questioning by the State of a venireperson, who was a police 
detective, about the truthfulness of witnesses with a criminal history. 
Specifically, he asserts that the court abused its discretion in allowing 
improper questioning of the police detective venireperson, which then set up an 
improper commitment of the venire.
        The 
trial court has broad discretion over the process of selecting a jury. Sells 
v. State, No. 73993, 2003 WL 1055328, at *3 (Tex. Crim. App. Mar. 12, 2003), 
cert. denied, 124 S. Ct. 511 (2003); Lydia v. State, 117 S.W.3d 
902, 904 (Tex. App.—Fort Worth 2003, pet. filed). The rationale underlying 
this discretion is that without the trial court’s ability to impose reasonable 
limits, voir dire could go on indefinitely. Sells, 2003 WL 1055328, at 
*3. We leave to the trial court’s discretion the propriety of a particular 
question, and we will not disturb that discretion absent an abuse of discretion. 
Id.
        A 
trial court abuses its discretion when it prohibits a proper question about a 
proper area of inquiry. Id. (citing Barajas v. State, 93 S.W.3d 
36, 38 (Tex. Crim. App. 2002)). A question is proper if it seeks to discover a 
venireperson’s views on an issue applicable to the case. Id. Generally, 
it is improper to ask a commitment question during voir dire because it would 
amount to an improper attempt to bind a juror. Lydia, 117 S.W.3d at 905. 
A trial court may also prohibit questions that are so vague or broad in nature 
as to constitute a global fishing expedition. Sells, 2003 WL 1055328, at 
*3.
        In 
support of his first point, Appellant directs us to the following exchange:

[STATE]: 
[W]ell, I’m going to go to my detective and see if maybe he can help me out a 
little bit. Detective Lunsford, would it surprise you that witnesses or victims 
in criminal cases would also have some, I guess, checkered history themselves?
 
VENIREPERSON: 
No, that’s not surprising.
 
[STATE]: 
Is it in fact true that that might be the case more often than not?
 
VENIREPERSON: 
About 50/50.
 
[STATE]: 
Okay. So at least 50 percent of the time, the victims or the witnesses or other 
people who might be called to testify very well might have either criminal 
history or some kind of checkered past themselves.
 
VENIREPERSON: 
Right.
 
[STATE]: 
Would that be fair to say?
 
VENIREPERSON: 
Yes.
 
[STATE]: 
In your experience, is that an automatic reason not to believe them?
 
VENIREPERSON: 
No.
 
[DEFENSE 
COUNSEL]: Objection, your Honor. I believe he’s eliciting an opinion that this 
juror shouldn’t be giving as an expert and we’d ask the Court not to allow.
 
THE 
COURT: Overruled.
 
[STATE]: 
I’m sorry, I didn’t catch your last answer.
 
VENIREPERSON: 
No. Just because somebody may have a past alone doesn’t say that they can’t 
be a victim or one way over another.
 
[STATE]: 
Just because you might have a past, that doesn’t mean you can’t be a victim 
of a crime in the future.
 
VENIREPERSON: 
That’s correct.

Appellant then 
questioned several other venirepersons about whether they agreed with 
Venireperson Lunsford, and all responded that they did.
        At 
trial, the only objection Appellant made in relation to the complained- of voir 
dire questioning was premised on his concern that the State was “eliciting an 
opinion that this juror shouldn’t be giving as an expert.” At no time during 
voir dire did Appellant object that the questioning constituted an improper 
attempt to commit the prospective jurors. Thus, we hold that Appellant has not 
preserved his complaint for our review as to his argument that the questioning 
constituted an improper attempt to bind the prospective jurors, because his 
objection during voir dire does not comport with his complaint on appeal. See 
Tex. R. App. P. 33.1(a)(1); Bell 
v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 
U.S. 827 (1997); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 
1990).
        With 
respect to Appellant’s argument that the trial court abused its discretion by 
permitting Venireperson Lunsford to give improper expert testimony, the only 
question to which Appellant objected was whether, in Venireperson Lunsford’s 
experience, the fact that a witness had a criminal history or a “checkered 
past” is an automatic reason not to believe that person. Here, the State was 
trying to learn whether Venireperson Lunsford or other panel members would not 
impartially judge the credibility of the State’s witnesses or if they had 
“extreme or absolute positions regarding the credibility of any witness” 
based on a witness’s potential criminal history. See Lydia, 117 
S.W.3d at 905-06 (discussing propriety of questions concerning potential 
jurors’ willingness to impartially judge the credibility of witnesses who had 
a criminal history). Because this was a proper area of inquiry, we cannot say 
that the trial court abused its discretion in overruling Appellant’s 
objection. Sells, 2003 WL 1055328, at *3. We therefore overrule 
Appellant’s first point.
Notice of Enhancement
        In 
his second point, Appellant argues that the trial court erred by allowing his 
sentence to be enhanced without proper pleading or notice. The indictment in 
this case alleged that Appellant committed the offense of indecency with a child 
and did not contain any enhancement allegations. On March 21, 2002, the State 
filed its “Notice of Intent to Use a Prior Felony Conviction for Enhancement 
Purposes,” which stated:

Now 
comes the State of Texas and by and through her Assistant Criminal District 
Attorney, Paige McCormick, gives notice pursuant to Brooks v. State, Ct. 
Crim. App., Nov. 26, 1997, to the Attorney for the Defendant, Jerry Parr, of the 
following felony conviction for punishment enhancement purposes:
 
“Before 
the commission of the primary offense, on the 15th day of March, 1984, in Cause 
No. 14,352C in the 211th Judicial District Court of Denton County, Texas, the 
defendant was convicted of the felony offense of Burglary of a Building.”

The notice was signed by 
McCormick, and the certificate of service, which was also signed by McCormick, 
indicates that the document was delivered by facsimile to Appellant’s counsel 
the day before, on March 20, 2002.
        Appellant’s 
trial began on April 1, 2002, and during the punishment phase, Appellant 
objected to the State’s effort to enhance his sentence with the prior 
conviction on the grounds that the State’s notice failed to comply with Brooks 
v. State, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997). Appellant’s counsel 
admitted that his office received a copy of the notice by fax on March 20, 2002; 
however, he stated that he had been out of the state for military service until 
March 25 and did not have personal knowledge of the notice until March 29. He 
argued that the notice was insufficient because “it needs to be pled like a 
motion to amend the indictment” and because he did not have actual notice 
until the 29th of March. The trial court overruled his two-pronged 
objection. We note that Appellant did not request a continuance.
        In 
Brooks, the court of criminal appeals held that while “a defendant is 
entitled to notice of prior convictions to be used for enhancement,” such 
notice need not be pled in the indictment itself to be considered proper notice, 
so long as the State pled its notice of intent to enhance “in some form” 
prior to trial. Id.; Throneberry v. State, 109 S.W.3d 52, 59 (Tex. 
App.—Fort Worth 2003, no pet.). The Brooks decision relied on both a 
motion to amend the indictment and an order granting the motion to conclude that 
Brooks had proper notice of the State’s intent to use a prior conviction for 
enhancement purposes. 957 S.W.2d at 31, 33. Brooks, however, does not 
limit the State’s ability to rely on enhancement allegations solely to 
situations in which a motion to amend the indictment and an order granting that 
motion are on file. Id. at 34.
        In 
Throneberry, we held that a letter sent to defense counsel from the 
State, indicating the State’s intent to enhance Throneberry’s punishment 
with evidence of prior convictions and which was not filed with the court, did 
not constitute sufficient notice under Brooks. 109 S.W.3d at 58-59. 
Unlike Throneberry, the State in this case served its formal notice of 
intent to use a prior felony conviction for enhancement purposes on 
Appellant’s counsel, rather than sending a letter as in Throneberry. 
Additionally, unlike Throneberry, the formal notice in this case was 
filed with the trial court. The notice specifically informed Appellant that the 
State intended to use his prior conviction from Cause No. 14,352C to enhance his 
sentence, and it also states that it was being filed pursuant to the Brooks 
decision.
        Based 
on the facts of this case, we hold that the State provided Appellant with proper 
notice of the offense it intended to use for enhancement purposes and that 
notice was therefore sufficient under Brooks. See Brooks, 957 
S.W.2d at 33-34; see, e.g., Heathcock v. State, No. 14-02-899-CR, 2003 WL 
21710468, at *1-2 (Tex. App.—Houston [14th Dist.] July 24, 2003, no 
pet.) (holding State’s notice of enhancement paragraphs served on defense 
counsel was sufficient under Brooks) (mem. op.) (not designated for 
publication); Trinidad v. State, No. 5-98-528-CR, 1999 WL 649365, at *11 
(Tex. App.—Dallas 1999, pet. ref’d) (holding State’s notice of its intent 
to use prior felony conviction for enhancement filed and served on appellant 
sufficient under Brooks) (not designated for publication). The trial 
court therefore did not err in allowing Appellant’s sentence to be enhanced 
with his prior conviction. Accordingly, we overrule Appellant’s second point.
Article 32.01
        In 
his third point, Appellant contends that the trial court erred by not dismissing 
the charge under article 32.01 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 32.01 
(Vernon Supp. 2004).[2]  Appellant was indicted 
on January 11, 2001; however, he filed his motion to dismiss under article 32.01 
on April 1, 2002. The trial court denied Appellant’s motion to dismiss.
        As 
the State points out in its brief, article 32.01 has no application once an 
indictment has been returned. Id.; Brooks v. State, 990 S.W.2d 
278, 285 (Tex. Crim. App.) (citing Tatum v. State, 505 S.W.2d 548, 550 
(Tex. Crim. App. 1974)), cert. denied, 528 U.S. 956 (1999); State v. 
Williams, 90 S.W.3d 913, 917-18 (Tex. App.—Corpus Christi 2002, no pet.). 
Because Appellant untimely challenged the filing of the indictment, we hold that 
the trial court did not err in denying his motion to dismiss. Accordingly, we 
overrule Appellant’s third point.
Conclusion
        Having 
overruled Appellant’s three points, we affirm the trial court’s judgment.

   
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
  
PANEL F:   LIVINGSTON 
and GARDNER, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 22, 2004
 

NOTES
1. See 
Tex. R. App. P. 47.4.
2. 
Article 32.01 states,
When 
a defendant has been detained in custody or held to bail for his appearance to 
answer any criminal accusation before the district court, the prosecution, 
unless otherwise ordered by the court, for good cause shown, supported by 
affidavit, shall be dismissed and the bail discharged, if indictment or 
information be not presented against such defendant on or before the last day of 
the next term of the court which is held after his commitment or admission to 
bail or on or before the 180th day after the date of commitment or admission to 
bail, whichever date is later.
Tex. Code Crim. Proc. Ann. art. 32.01.