LESTER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-111-CR

BILLY JACK LESTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Billy Jack Lester appeals his conviction for the offense of indecency with a child by contact.  In three points, Appellant argues that the trial court erred (1) by allowing improper questioning during voir dire, (2) by permitting his sentence to be enhanced without proper notice, and (3) by not dismissing the charge under article 32.01 of the Texas Code of Criminal Procedure.  We will affirm.

Factual and Procedural Background

Because sufficiency of the evidence is not at issue, we need only briefly discuss the facts of the case.  Appellant was arrested in April 1999 for committing the offense of indecency with a child, and he was released on June 30, 1999 pursuant to a writ of habeas corpus in civil cause number 99-30471-211.  An indictment charging Appellant with the offense of indecency with a child for the 1999 offense was filed on January 11, 2001.  Appellant pleaded not guilty, and the State tried the case to a jury in April 2002.

After hearing and considering all of the evidence presented at trial, a jury convicted Appellant of indecency with a child, A.M., as alleged in the indictment.  During the punishment phase, the State presented evidence of Appellant’s prior felony conviction for burglary of a building.  The trial court found the enhancement allegation to be true and sentenced Appellant to thirty-five years’ confinement.

Voir Dire

In his first point, Appellant complains that the trial court erred by allowing improper voir dire questioning by the State of a venireperson, who was a police detective, about the truthfulness of witnesses with a criminal history.  Specifically, he asserts that the court abused its discretion in allowing improper questioning of the police detective venireperson, which then set up an improper commitment of the venire.

The trial court has broad discretion over the process of selecting a jury.  
Sells v. State
, No. 73993, 2003 WL 1055328, at *3 (Tex. Crim. App. Mar. 12, 2003), 
cert. denied
, 124 S. Ct. 511 (2003); 
Lydia v. State
, 117 S.W.3d 902, 904 (Tex. App.—Fort Worth 2003, pet. filed).  The rationale underlying this discretion is that without the trial court’s ability to impose reasonable limits, voir dire could go on indefinitely.  
Sells
, 2003 WL 1055328, at *3.  We leave to the trial court’s discretion the propriety of a particular question, and we will not disturb that discretion absent an abuse of discretion.  
Id
.

A trial court abuses its discretion when it prohibits a proper question about a proper area of inquiry.  
Id
. (citing 
Barajas v. State
, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002)).  A question is proper if it seeks to discover a venireperson’s views on an issue applicable to the case.  
Id.
  Generally, it is improper to ask a commitment question during voir dire because it would amount to an improper attempt to bind a juror.  
Lydia
, 117 S.W.3d at 905.  A trial court may also prohibit questions that are so vague or broad in nature as to constitute a global fishing expedition.  
Sells
, 2003 WL 1055328, at *3.

In support of his first point, Appellant directs us to the following exchange:

[STATE]:  [W]ell, I’m going to go to my detective and see if maybe he can help me out a little bit.  Detective Lunsford, would it surprise you that witnesses or victims in criminal cases would also have some, I guess, checkered history themselves?

VENIREPERSON:  No, that’s not surprising.

[STATE]:  Is it in fact true that that might be the case more often than not?

VENIREPERSON:  About 50/50.

[STATE]:  Okay.  So at least 50 percent of the time, the victims or the witnesses or other people who might be called to testify very well might have either criminal history or some kind of checkered past themselves.

VENIREPERSON:  Right.

[STATE]:  Would that be fair to say?

VENIREPERSON:  Yes.

[STATE]:  In your experience, is that an automatic reason not to believe them?

VENIREPERSON:  No.

[DEFENSE COUNSEL]:  Objection, your Honor.  I believe he’s eliciting an opinion that this juror shouldn’t be giving as an expert and we’d ask the Court not to allow.

THE COURT:  Overruled.

[STATE]:  I’m sorry, I didn’t catch your last answer.

VENIREPERSON:  No.  Just because somebody may have a past alone doesn’t say that they can’t be a victim or one way over another.

[STATE]:  Just because you might have a past, that doesn’t mean you can’t be a victim of a crime in the future.

VENIREPERSON:  That’s correct.

Appellant then questioned several other venirepersons about whether they agreed with Venireperson Lunsford, and all responded that they did.

At trial, the only objection Appellant made in relation to the complained- of voir dire questioning was premised on his concern that the State was “eliciting an opinion that this juror shouldn’t be giving as an expert.”  At no time during voir dire did Appellant object that the questioning constituted an improper attempt to commit the prospective jurors.  Thus, we hold that Appellant has not preserved his complaint for our review as to his argument that the questioning constituted an improper attempt to bind the prospective jurors, because his objection during voir dire does not comport with his complaint on appeal.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

With respect to Appellant’s argument that the trial court abused its discretion by permitting Venireperson Lunsford to give improper expert testimony, the only question to which Appellant objected was whether, in Venireperson Lunsford’s experience, the fact that a witness had a criminal history or a “checkered past” is an automatic reason not to believe that person. Here, the State was trying to learn whether Venireperson Lunsford or other panel members would not impartially judge the credibility of the State’s witnesses or if they had “extreme or absolute positions regarding the credibility of any witness” based on a witness’s potential criminal history.  
See
 
Lydia
, 117 S.W.3d at 905-06 (discussing propriety of questions concerning potential jurors’ willingness to impartially judge the credibility of witnesses who had a criminal history).  Because this was a proper area of inquiry, we cannot say that the trial court abused its discretion in overruling Appellant’s objection.  
Sells
, 2003 WL 1055328, at *3.  We therefore overrule Appellant’s first point.

Notice of Enhancement

In his second point, Appellant argues that the trial court erred by allowing his sentence to be enhanced without proper pleading or notice.  The indictment in this case alleged that Appellant committed the offense of indecency with a child and did not contain any enhancement allegations.  On March 21, 2002, the State filed its “Notice of Intent to Use a Prior Felony Conviction for Enhancement Purposes,” which stated:

Now comes the State of Texas and by and through her Assistant Criminal District Attorney, Paige McCormick, gives notice pursuant to 
Brooks v. State
, Ct. Crim. App., Nov. 26, 1997, to the Attorney for the Defendant, Jerry Parr, of the following felony conviction for punishment enhancement purposes:

“Before the commission of the primary offense, on the 15th day of March, 1984, in Cause No. 14,352C in the 211th Judicial District Court of Denton County, Texas, the defendant was convicted of the felony offense of Burglary of a Building.”

The notice was signed by McCormick, and the certificate of service, which was also signed by McCormick, indicates that the document was delivered by facsimile to Appellant’s counsel the day before, on March 20, 2002.

Appellant’s trial began on April 1, 2002, and during the punishment phase, Appellant objected to the State’s effort to enhance his sentence with the prior conviction on the grounds that the State’s notice failed to comply with 
Brooks v. State
, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997).  Appellant’s counsel admitted that his office received a copy of the notice by fax on March 20, 2002; however, he stated that he had been out of the state for military service until March 25 and did not have personal knowledge of the notice until March 29.  He argued that the notice was insufficient because “it needs to be pled like a motion to amend the indictment” and because he did not have actual notice until the 29
th
 of March.  The trial court overruled his two-pronged objection.  We note that Appellant did not request a continuance.

In 
Brooks
, the court of criminal appeals held that while “a defendant is entitled to notice of prior convictions to be used for enhancement,” such notice need not be pled in the indictment itself to be considered proper notice, so long as the State pled its notice of intent to enhance “in some form” prior to trial.  
Id
.; 
Throneberry v. State
, 109 S.W.3d 52, 59 (Tex. App.—Fort Worth 2003, no pet.).  The 
Brooks
 decision relied on both a motion to amend the indictment and an order granting the motion to conclude that Brooks had proper notice of the State’s intent to use a prior conviction for enhancement purposes.  957 S.W.2d at 31, 33.  
Brooks
, however, does not limit the State’s ability to rely on enhancement allegations solely to situations in which a motion to amend the indictment and an order granting that motion are on file.  
Id
. at 34.

In 
Throneberry
, we held that a letter sent to defense counsel from the State, indicating the State’s intent to enhance Throneberry’s punishment with evidence of prior convictions and which was not filed with the court, did not constitute sufficient notice under 
Brooks
.  109 S.W.3d at 58-59.  Unlike 
Throneberry
, the State in this case served its formal notice of intent to use a prior felony conviction for enhancement purposes on Appellant’s counsel, rather than sending a letter as in 
Throneberry
.  Additionally, unlike 
Throneberry
, the formal notice in this case was filed with the trial court.  The notice specifically informed Appellant that the State intended to use his prior conviction from Cause No. 14,352C to enhance his sentence, and it also states that it was being filed pursuant to the 
Brooks
 decision.

Based on the facts of this case, we hold that the State provided Appellant with proper notice of the offense it intended to use for enhancement purposes and that notice was therefore sufficient under 
Brooks
.  
See Brooks
, 957 S.W.2d at 33-34; 
see, e.g., Heathcock v. State
, No. 14-02-899-CR, 2003 WL 21710468, at *1-2 (Tex. App.—Houston [14
th
 Dist.] July 24, 2003, no pet.) (holding State’s notice of enhancement paragraphs served on defense counsel was sufficient under 
Brooks
) (mem. op.) (not designated for publication); 
Trinidad v. State
, No. 5-98-528-CR, 1999 WL 649365, at *11 (Tex. App.—Dallas 1999, pet. ref’d) (holding State’s notice of its intent to use prior felony conviction for enhancement filed and served on appellant sufficient under 
Brooks
) (not designated for publication).  The trial court therefore did not err in allowing Appellant’s sentence to be enhanced with his prior conviction.  Accordingly, we overrule Appellant’s second point.

Article 32.01

In his third point, Appellant contends that the trial court erred by not dismissing the charge under article 32.01 of the Texas Code of Criminal Procedure.  
See
 Tex. Code Crim. Proc. Ann.
 art. 32.01 (Vernon Supp. 2004).
(footnote: 2)  Appellant was indicted on January 11, 2001; however, he filed his motion to dismiss under article 32.01 on April 1, 2002.  The trial court denied Appellant’s motion to dismiss.

As the State points out in its brief, article 32.01 has no application once an indictment has been returned.  
Id
.; 
Brooks v. State
, 990 S.W.2d 278, 285 (Tex. Crim. App.) (citing 
Tatum v. State
, 505 S.W.2d 548, 550 (Tex. Crim. App. 1974)), 
cert. denied
, 528 U.S. 956 (1999); 
State v. Williams
, 90 S.W.3d 913, 917-18 (Tex. App.—Corpus Christi 2002, no pet.).  Because Appellant untimely challenged the filing of the indictment, we hold that the trial court did not err in denying his motion to dismiss.  Accordingly, we overrule Appellant’s third point.

Conclusion

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: LIVINGSTON and GARDNER, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Article 32.01 states,

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

Tex. Code Crim. Proc. Ann.
 art. 32.01.